BREEN v. GRAND RAPIDS & INDIANA RAILWAY CO.

MASTER AND SERVANT — ELECTRICITY — RAILROADS — NEGLIGENCE — DEATH—NOTICE.

> On the trial of an action for the negligent killing of plaintiff's husband, and upon motion of defendant to direct a verdict, evidence tending to show that decedent was electrocuted by a lamp which plaintiff claimed had been taken by decedent to the repair department of the defendant railway company and had been returned to decedent as in proper condition for use and proof that the repair department was the only custodian of the key which would unlock the guard of the lamp so as to permit of making the repairs, *held*, sufficient to raise the issue of alleged notice to defendant of the condition of the lamp.

Error to Kent; Brown, J. Submitted January 5, 1915. (Docket No. 7.) Decided March 17, 1915.

Case by Margaret Breen, as administrator of the estate of William J. Breen, deceased, for the unlawful killing of plaintiff's intestate. Judgment for plaintiff. Defendant brings error. Affirmed.

*James H. Campbell*, for appellant.

*Dunham & Dunham*, for appellee.

BIRD, J. Plaintiff's husband was engaged in the work of repairing locomotive boilers and fire boxes for defendant at its shops in the city of Grand Rapids. While making interior repairs in a fire box on the afternoon of August 13, 1912, he was electrocuted by an electric lamp which he was using to aid him in his work, and which had been furnished him by the defendant for that purpose.

At the conclusion of the proofs the defendant re-

quested a directed verdict in its behalf on the ground that no negligence on the part of the defendant had been made out. This request was refused, and the jury were instructed, in substance: That if the deceased took the electric lamp to the electrical department to have it repaired, and after doing so the lamp was delivered back to him, he had the right to rely upon it that it was inspected and safe for use; and if it were handed back in a condition unsafe and unfit for use, and the deceased met his death by reason of such impaired condition, the defendant would be guilty of negligence.

Counsel for the defendant concedes that the state of the evidence was such that the jury were justified in reaching the conclusion that the deceased was electrocuted by means of the electric lamp, but he insists that it was error for the trial court to permit the jury to find that the deceased took the lamp to the electrical department, or that it was repaired in that department. In effect, the contention is that, if the lamp was defective, the defendant had no notice nor knowledge of it. As the case must turn upon this question, the testimony in relation thereto will have to be examined.

It appears from the record that the defendant maintained an electrical department with an electrician in charge who had three assistants, where all the defective electrical apparatus was repaired. It was located about 800 feet from where the deceased was working. It was shown to be a custom among the men to have such repairs made at this department, and that this was the only place where such repairs could be made, as the wire guard which surrounded the globe could not be unlocked and taken off except with the aid of a key, which was possessed only by the electricians. It further appears that, upon the day in question, the deceased was preparing to make some repairs in the interior of the fire box of locomotive No. 89. His

helper, Roys, brought the lamp and cord and attached the cord to a nearby drop cord. When he turned the key, it refused to light. He received a shock in attempting to turn it, and he thereupon handed it to the deceased with the suggestion that he have it repaired. An examination of the lamp disclosed that it was defective, in that the insulation around the shank of the key had been broken off. In response to Roys' suggestion, the deceased took the lamp and cord and went away with it, and was gone about 15 minutes. When he returned, the lamp was lighted and the work proceeded. A few minutes later, the deceased, while holding the lamp, received a shock which resulted in his death. Roys testified that he took no notice where the deceased went with the lamp and cord, but assumed that he went to the electrical department. The testimony of the electricians was inconclusive, as only two of them were sworn at the trial, and it appeared that they were away from the shop a portion of the day doing outside work.

We are of the opinion that this testimony justified the trial court in submitting to the jury the question as to whether the deceased took the lamp to the electrical department and had it repaired, and whether it was handed back to him in an unsafe condition. The fact that the lamp would not light when he went away, and when he returned it did light, is very persuasive that some repairs had been made upon it, and the testimony conclusively shows that the only place where it could be repaired was at the electrical department.

As this is the only question in the case, the judgment of the trial court will be affirmed.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.